UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>WMCH 25 HOLDINGS, LLC<br>dba Westwood Capital Holdings, LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 20-12534-scc<br><br>**NOTICE OF PRESENTMENT** |

PLEASE TAKE NOTICE that upon the annexed **Application of Leonard Blum for Rule 2004 Examination of the Debtor, Quarter Century Holdings LLC, Westwood Capital, LLC, Daniel Alpert, Paul Tanico, Ellen Adams and Keiki-Michael Cabanos**, the undersigned will present the proposed order annexed to the application to the Honorable Shelley C. Chapman, United States Bankruptcy Judge, for signature on November 30, 2020, at 12:00 noon.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the proposed order must be made in writing and received in the Bankruptcy Judge's chambers and by the undersigned not later than 11:30 a.m. on that date. The ECF docket number to which the filing relates shall be included in the upper right hand corner of the caption of all objections. Unless objections are received by that time, the order may be signed.

Dated: New York, New York
       November 10, 2020

AMINI LLC

/s/ Jeffrey Chubak
Jeffrey Chubak
Noam Besdin
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
jchubak@aminillc.com
nbesdin@aminillc.com
*Attorneys for Creditor Leonard Blum*

Jeffrey Chubak
Noam Besdin
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
jchubak@aminillc.com
nbesdin@aminillc.com
*Attorneys for Creditor Leonard Blum*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>WMCH 25 HOLDINGS, LLC<br>dba Westwood Capital Holdings, LLC,<br><br>                        Debtor. | Chapter 7<br><br>Case No. 20-12534-scc |

**APPLICATION OF LEONARD BLUM FOR RULE 2004
EXAMINATION OF THE DEBTOR, QUARTER CENTURY HOLDINGS
LLC, WESTWOOD CAPITAL, LLC, DANIEL ALPERT, PAUL TANICO,
ELLEN ADAMS AND KEIKI-MICHAEL CABANOS**

Creditor Leonard Blum ("Blum") moves for an Order, in the form annexed hereto, directing the Debtor to produce all non-privileged documents in its possession, custody or control responsive to the requests for production set forth in Exhibit 1 ("Requests for Production"), and authorizing Blum to serve Rule 2004 subpoenas on Westwood Capital, LLC ("Westwood Capital"), Quarter Century Holdings LLC ("Quarter Century"), Daniel Alpert ("Alpert"), Paul Tanico ("Tanico"), Ellen Adams ("Adams") and Keiki-Michael Cabanos ("Cabanos"), substantially in the forms annexed hereto as Exhibits 2-4,[1] and states:

---

[1] The subpoenas command the production of documents by Westwood Capital and Quarter Century (Exhibits 2-3) and the attendance at a deposition by Alpert, Tanico, Adams and Cabanos (Exhibit 4). It is anticipated that depositions would follow the completion of document discovery of the Debtor, Westwood Capital and Quarter Century.

# BACKGROUND

**I.  THE ARBITRATION AWARD; THE COMMENCEMENT OF THIS CASE FOR THE PURPOSE OF AVOIDING JUDGMENT DISCOVERY**

1. Until February 25, 2020, the Debtor was the holding company for Westwood Capital, an SEC-registered and FINRA-regulated brokerage firm that has the same address as the Debtor, per the FINRA BrokerCheck Report annexed hereto as <u>Exhibit 5</u> ("<u>FINRA Report</u>").

2. On December 17, 2018, an arbitration panel issued a partial final award, annexed hereto as <u>Exhibit 6</u>, in favor of Blum and against Westwood Capital in the amount of $234,500, without interest, and which authorized Blum to apply for an award of attorneys' fees and expenses incurred in connection with the arbitration, to be reimbursed by the Debtor.

3. On January 22, 2020, the arbitration panel issued a final award, annexed hereto as <u>Exhibit 7</u>, in favor of Blum and against (a) Westwood Capital in the amount of $234,500, as provided in the partial final award, and (b) the Debtor, on account of attorneys' fees and expenses allowed by the arbitration panel, in the amount of $532,732.49.

4. Blum subsequently petitioned the New York County Supreme Court to confirm the final award and moved to take discovery of the Debtor and Westwood Capital pending its confirmation, pursuant to CPLR § 5229.[2]

5. On September 11, 2020, the Supreme Court entered a Decision and Order (Amended), annexed hereto as <u>Exhibit 8</u>, granting the CPLR § 5229 motion and authorizing Blum to serve subpoenas on the Debtor and Westwood Capital, pending confirmation of the final award.

6. Blum served subpoenas duces tecum on September 15, 2020, but no documents were produced in response thereto by the return date.

---

[2] CPLR § 5229 permits a trial judge to authorize a "party in whose favor a verdict or decision has been rendered" to "examin[e] the adverse party" "before a judgment is entered."

7. On October 23, 2020, the Court entered a Decision and Order, annexed hereto as Exhibit 9, confirming the final award and directing entry of judgment in Blum's favor and against Westwood Capital and the Debtor in the amounts of $234,500 and $532,732.49, respectively, plus 9% interest from the date of the final award, and disbursements and costs; and directing compliance with the subpoenas within 5 days, and inviting Blum to seek a contempt award in the event of failure to comply.

8. To date, no portion of the amount owed by the Debtor has been paid, and no documents have been produced in response to the subpoenas.

9. On October 29, 2020, immediately after the 5-day period concluded, the Debtor commenced this case. The petition, schedules of assets and liabilities ("Schedules"), statement of financial affairs ("SOFA") and creditor matrix have all been signed or certified by Alpert, one of its members, and whose website bio describes him as "founding Managing Partner of Westwood Capital, LLC and its affiliates." The resolution approving the bankruptcy filing is executed by all of the Debtor's members, including Alpert, Tanico and Adams (both outside shareholders) and Cabanos, whose website bio describes him as "General Counsel to the Westwood Capital group of companies." Alpert's and Cabanos's website bios are annexed hereto as Exhibit 10.

## II. THE WESTWOOD CAPITAL TRANSFER

10. The Debtor disclosed in its SOFA (Item 13) that on February 25, 2020, it transferred to Quarter Century its ownership interests in Westwood Capital "in exchange for assumed liabilities and lease obligations of $857,010" ("Westwood Capital Transfer").

11. The FINRA Report states (at p.5) Alpert continues to own 25% to 50% of Westwood Capital through Quarter Century; and the Delaware Secretary of State, Division of Corporations search results for Quarter Century, annexed hereto as Exhibit 11, indicate the entity was formed just two weeks before the Westwood Capital Transfer.

3

12. It further appears that the Westwood Capital Transfer, in addition to having been made to an insider-owned affiliate within a year before the petition date, left the Debtor with no meaningful assets, the Debtor having ascribed no value to its interests in LLCs listed in Schedule A/B and having no meaningful cash on the petition date.

### III. THE SCHEDULED CLAIMS POOL

13. The pool of scheduled claims not marked contingent, unliquidated or disputed is summarized as follows:

| Creditor (Basis for Claim) | Amount of Claim (% of Claims Pool) |
|---|---|
| Schedule D | |
| None | |
| Schedule E/F | |
| Corporate Service Company (registered agent fees) | $681.72 (.1%) |
| Delaware Division of Revenue | $600 (.1%) |
| IRS | "Unknown" [$0] (0%) |
| Lazare Potter Giacovas & Moyle LLP (legal services) | $29,854.50 (3.5%) |
| Blum (final arbitration award) | $532,732.49 (62.5%; omits costs, disbursements and interest) |
| NYS Department of Taxation and Finance | "Unknown" [$0] (0%) |
| Westwood Capital Advisors, LLC (intercompany loans) | $288,460 (33.8%) |

No executory contracts or unexpired leases are listed on Schedule G.

### IV. PRIVATE PLACEMENT FEES

14. On May 1, 2019, between issuance of the partial final award and the final award, Westwood Capital issued a press release, a copy of which is annexed hereto as Exhibit 12, announcing that the prior week it had closed on the private placement of $205 million in secured notes, in connection with a LIHTC transaction. Upon information and belief, Westwood Capital

collected substantial fees in connection with the transaction, a significant amount of which were paid to Tanico and Adams, its outside shareholders who are neither creditors nor officers of Westwood Capital.

## RELIEF REQUESTED

15. Broadly speaking, Blum wishes to investigate whether the Westwood Capital Transfer can be avoided as a preference or actual or constructive fraudulent transfer; whether the fees collected by or on behalf of Westwood Capital in connection with the above-described private placement transaction were paid to insiders of the Debtor, and whether said payments are likewise avoidable; and the Debtor's basis for having scheduled the above-referenced legal services and intercompany loan claims, and whether grounds exist to equitably subordinate the claims and/or recharacterize the latter as equity.

16. Blum accordingly requests that the Court enter an Order directing the Debtor to produce all non-privileged documents in its possession, custody or control responsive to the Requests for Production, and authorizing Blum to serve Rule 2004 subpoenas on Westwood Capital, Quarter Century, Alpert, Tanico, Adams and Cabanos.

## BASIS FOR RELIEF REQUESTED

17. Rule 2004(a) provides: "[o]n motion of any party in interest, the court may order the examination of any entity."

18. Rule 2004(b) provides: "[t]he examination of an entity under this rule … may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate."

19. The scope of disclosure under Rule 2004(b) has been likened to a fishing expedition, subject only to a good cause limitation. *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711-12 (S.D.N.Y. 1991). The burden of showing "[g]ood cause may ordinarily be sustained by a

claim that the requested documents are necessary to establishment of the moving party's claim or that denial of production would cause undue hardship or injustice." *Id*.

20. There can be little doubt each request in the Requests for Production and the proposed forms of Rule 2004 subpoenas commanding the production of documents by Westwood Capital and Quarter Century, and the deposition testimony of Alpert, Tanico, Adams and Cabanos, are relevant to the above-described potential causes of action and claim objections, and that denial of the discovery sought by Blum would cause him undue hardship and injustice, in that absent the commencement of this case Blum undoubtedly be entitled to the requested discovery under CPLR §§ 5223 and 5224(a)(1)-(2), and such discovery is needed to conduct a meaningful investigation of the above-described matters.

21. Rule 2004(c)-(d) provides: "[t]he attendance of an entity for examination and the production of documents … may be compelled as provided in Rule 9016," but "[t]he court may for cause shown and on terms as it may impose order the debtor to be examined at any time or place it designates" (i.e., without the need for a subpoena). Blum submits that given the above-described circumstances, ample grounds exist to direct the Debtor to produce non-privileged documents responsive to the Requests for Production without the need for protections afforded nondebtors under Rule 45(d)(2)(B) or (d)(3). The subpoenas as to which Blum seeks authorization to issue and serve are plainly permitted by Rule 2004(c).

## **NO PRIOR REQUEST**

22. No prior request for the relief sought herein has been made to the Court, or to any other court.

WHEREFORE, the Court should authorize Blum to take Rule 2004 discovery as requested herein, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 10, 2020

AMINI LLC

/s/ Jeffrey Chubak
Jeffrey Chubak
Noam Besdin
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
jchubak@aminillc.com
nbesdin@aminillc.com
*Attorneys for Creditor Leonard Blum*