# EXHIBIT 6

**Partial Final Award**

| | |
|---|---|
| LEONARD BLUM,<br><br>                Claimant,<br><br>– and –<br><br>DANIEL ALPERT, JONATHAN MESSERSMITH, KEIKI-MICHAEL CABANOS, PAUL P. TANICO, ELLEN H. ADAMS, ELLEN H. ADAMS GST EXEMPT TRUST, WESTWOOD CAPITAL HOLDINGS, LLC, WESTWOOD CAPITAL, LLC, WESTWOOD CAPITAL ADVISORS, LLC, and WESTWOOD CAPITAL CONSULTING GROUP, LLC,<br><br>                Respondents. | Case No. 01-14-0002-1926 |

## PARTIAL FINAL AWARD OF ARBITRATORS

WE, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with arbitration provisions contained in Section 18 of an Employment Agreement between Leonard Blum and Westwood Capital Holdings, LLC, dated January 8, 2009, and Section 5.8 of the Westwood Capital Holdings, LLC Sixth Amended and Restated Operating Agreement, dated as of June 1, 2009, and having been duly sworn, and having duly heard the proofs and allegations of Leonard Blum ("Claimant"), and Daniel Alpert, Jonathan Messersmith, Keiki-Michael Cabanos, Paul P. Tanico, Ellen H. Adams, Ellen H. Adams Gst Exempt Trust, Westwood Capital Holdings, LLC, Westwood Capital, LLC, Westwood Capital Advisors, LLC and Westwood Capital Consulting Group, LLC (collectively, "Respondents"), do hereby issue this Partial Final Award of Arbitrators.

4844-6511-7563\2

# INTRODUCTION

The thrust of Claimant's claims in this proceeding is that Respondents violated a series of agreements and fiduciary duties they purportedly owed to Claimant, resulting in the termination of Claimant's employment at Westwood Capital, LLC and Claimant's exclusion from the management of Westwood Capital Holdings, LLC. Claimant seeks a declaration confirming his membership interest in Westwood Capital Holdings, LLC as well as the rights associated with such membership, an award of damages for the alleged breaches of the agreements, and an award of attorneys' fees and related expenses. Respondents deny these allegations and claims.

The thrust of Respondents' counterclaims is that Claimant breached fiduciary duties he purportedly owed to Respondents. Respondents seek a declaratory judgment that Claimant is required to account for a share of the funds that Claimant's enterprise, non-party Blum Capital Advisors, LLC, derived from former "Westwood Clients" following Claimant's departure from Westwood Capital, LLC, and an award of attorneys' fees and related expenses. Claimant denies these allegations and counterclaims.

The operative pleadings are Claimant's Demand for Arbitration and Respondents' Answer and Second Amended Counterclaim. Prior to the evidentiary hearings, the Panel dismissed, upon Claimant's motion, four counterclaims, leaving only Respondent Westwood Capital Holdings, LLC's counterclaim for breach of fiduciary duty and its request for attorneys' fees and costs.

The parties stipulated to the Panel's entry of a standard form of award, and, accordingly, familiarity with the parties' respective claims, counterclaims, defenses, legal arguments and evidence is presumed. The parties also stipulated that, to the extent it is necessary to adjudicate the valuation of Respondent Westwood Capital Holdings, LLC for the purpose of monetizing

2

Claimant's membership interest in that entity, such issue shall be submitted for determination to Mr. Jeffrey Risius of Stout Risius Ross, LLC, a valuation professional selected by the parties.

Following pre-hearing discovery and motion practice, the Panel conducted evidentiary hearings over the course of eleven (11) days commencing on August 21, 2017 and continuing on the following dates: August 22, 2017, August 23, 2017, August 24, 2017, December 7, 2017, December 8, 2017, January 17, 2018, January 19, 2018, April 30, 2018, May 1, 2018 and May 2, 2018. The evidentiary hearings were held at the offices of Dorsey & Whitney LLP in New York City. Mr. Bijan Amini and Mr. Noam Besdin of the firm of Storch Amini PC represented Claimant at the hearings. Mr. Robert A. Giacovas and Ms. Lainie E. Cohen of the firm of Lazare Potter Giacovas & Moyle LLP represented Respondents.

Oral testimony from Mr. Blum, Mr. Alpert, Mr. Cabanos, Mr. Messersmith, Mr. Tanico and Ms. Adams was elicited during the evidentiary hearings. Both sides also introduced voluminous documentary evidence. Following the parties' submission of their post-hearing briefs, the Panel conducted a summation hearing on August 9, 2018, in advance of which the Panel provided written questions for the purpose of enabling the parties' counsel to prepare for that hearing. At the conclusion of the summation hearing, the Panel directed each side to provide a written submission itemizing the specific relief that it is seeking to have awarded. Those submissions were subsequently made by the parties to the Panel.

## PARTIAL FINAL AWARD

Upon careful consideration of the entire evidentiary record, and all the legal arguments made by the parties' counsel in their post-hearing briefs and at the summation hearing, the Panel enters its Partial Final Award in this proceeding as follows:

1.     The Panel finds in favor of Claimant, Leonard Blum, and against Respondent

4844-6511-7563\2

Westwood Capital, LLC on Claimant's claim for unpaid services he rendered to Westwood Capital, LLC. Respondent Westwood Capital, LLC shall pay to Claimant, Leonard Blum, the sum of Two Hundred Thirty-Four Thousand Five Hundred Dollars ($234,500), without interest, on this claim.

2. The Panel finds in favor of Claimant, Leonard Blum, on his claim seeking a declaration that he is entitled to be reinstated as a member of the Board of Managers and the Executive Committee of Respondent Westwood Capital Holdings, LLC, with all of the rights and responsibilities of such membership. At the option of Respondent Westwood Capital Holdings, LLC, to be exercised not later than ninety (90) days from the issuance of this Partial Final Award, or such other period as the parties may agree in writing, Respondent Westwood Capital Holdings, LLC shall pay to Claimant, Leonard Blum, the sum of Six Hundred Two Thousand Two Hundred Fifty Dollars ($602,250) in return for Claimant's surrender of his entire membership interest and all of his managerial rights and responsibilities with respect to Respondent Westwood Capital Holdings, LLC.

3. If Respondent Westwood Capital Holdings, LLC does not exercise the option set forth in paragraph 2 of this Partial Final Award, the net book value of Claimant's 27.8 percent membership interest in Respondent Westwood Capital Holdings, LLC shall be submitted for determination to Mr. Jeffrey Risius of Stout Risius Ross, LLC. The cost of such valuation shall be borne equally by Claimant and Respondent Westwood Capital Holdings, LLC. Such valuation shall be incorporated in the Final Award to be issued by the Panel.

4. Claimant, Leonard Blum, may submit an application to the Panel for an award of reasonable attorneys' fees and related expenses incurred in connection with the prosecution of this proceeding, to be reimbursed by Respondent Westwood Capital Holdings, LLC. Such application

4844-6511-7563\2

should take into account the amounts sought in the Demand for Arbitration as compared to the amounts awarded by the Panel, the time and effort invested to recover such amounts, and other relevant factors. Prior to Claimant's submission of his fee application to the Panel, the parties shall meet and confer in a good faith effort to reach agreement on the attorneys' fees and related expenses to be reimbursed by Respondent Westwood Capital Holdings, LLC to Claimant. In the event that the parties are not able to reach agreement by January 11, 2019, Claimant's fee application shall be filed on or before January 25, 2019, and Respondent Westwood Capital Holdings, LLC's response to such application shall be filed within two (2) weeks of its receipt of Claimant's application.

5.      All other claims made by Claimant, Leonard Blum, in this proceeding are dismissed.

6.      Respondent Westwood Capital Holdings, LLC's counterclaim for breach of fiduciary duty is dismissed. Respondents' application for an award of attorneys' fees and related expenses is also dismissed.

7.      This Partial Final Award is final with respect to the matters specifically addressed herein. All claims and counterclaims asserted by any party that is not expressly granted in this Partial Final Award are dismissed, and no relief is granted on any of such claims or counterclaims.

8.      This Partial Award may be executed in counterparts, each of which shall be deemed an original, and all of which shall constitute one and the same instrument.

Dated: December 17, 2018        _____
                                Alfred G. Feliu

Dated: December 17, 2018        _____
                                Barbara A. Mentz

4844-6511-7363\2

Dated: December 17, 2018



Richard H. Silberberg

I, Alfred G. Feliu, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is the Partial Final Award of Arbitrators.

Dated: December 17, 2018

Alfred G. Feliu

I, Barbara A. Mentz, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is the Partial Final Award of Arbitrators.

Dated: December 17, 2018

Barbara A. Mentz

I, Richard H. Silberberg, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is the Partial Final Award of Arbitrators.

Dated: December 17, 2018

Richard H. Silberberg

4844-6511-7563\2