# **EXHIBIT 7**

**Final Award**

**AMERICAN ARBITRATION ASSOCIATION**
**Commercial Arbitration Tribunal**

| | |
|---|---|
| LEONARD BLUM,<br><br>Claimant,<br><br>– and –<br><br>DANIEL ALPERT, JONATHAN MESSERSMITH, KEIKI-MICHAEL CABANOS, PAUL P. TANICO, ELLEN H. ADAMS, ELLEN H. ADAMS GST EXEMPT TRUST, WESTWOOD CAPITAL HOLDINGS, LLC, WESTWOOD CAPITAL, LLC, WESTWOOD CAPITAL ADVISORS, LLC, and WESTWOOD CAPITAL CONSULTING GROUP, LLC,<br><br>Respondents. | Case No. 01-14-0002-1926 |

## FINAL AWARD OF ARBITRATORS

WE, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with arbitration provisions contained in Section 18 of an Employment Agreement between Leonard Blum and Westwood Capital Holdings, LLC, dated January 8, 2009, and Section 5.8 of the Westwood Capital Holdings, LLC Sixth Amended and Restated Operating Agreement, dated as of June 1, 2009, and having been duly sworn, and having duly heard the proofs and allegations of Leonard Blum ("Claimant"), and Daniel Alpert, Jonathan Messersmith, Keiki-Michael Cabanos, Paul P. Tanico, Ellen H. Adams, Ellen H. Adams Gst Exempt Trust, Westwood Capital Holdings, LLC, Westwood Capital, LLC, Westwood Capital Advisors, LLC and Westwood Capital Consulting Group, LLC (collectively, "Respondents"), and having issued a Partial Final Award of Arbitrators dated December 17, 2018 ("Partial Final Award"), and having further issued a

4837-1677-4321\2

Supplement to Partial Final Award of Arbitrators dated May 1, 2019 ("Supplement"), both of which are incorporated herein by reference, do hereby issue this Final Award of Arbitrators.

## INTRODUCTION

Familiarity with the prior arbitration proceedings and the facts set forth in the Partial Final Award is assumed, and will not be repeated in detail in this Final Award of Arbitrators.

The Partial Final Award found in favor of Claimant, Leonard Blum, against Respondent Westwood Capital, LLC on Claimant's claim for unpaid services that he rendered to Westwood Capital, LLC. The Panel awarded Claimant the sum of Two Hundred Thirty-Four Thousand Five Hundred Dollars ($234,500) on that claim.

The Partial Final Award also found in favor of Claimant, Leonard Blum, on his claim seeking a declaration that he is entitled "to be reinstated as a member of the Board of Managers and the Executive Committee of Respondent Westwood Capital Holdings, LLC, with all of the rights and responsibilities of such membership." The Partial Final Award further provided that, "[a]t the option of Respondent Westwood Capital Holdings, LLC, to be exercised not later than ninety (90) days from the issuance of this Partial Final Award, or such other period as the parties may agree in writing, Respondent Westwood Capital Holdings, LLC shall pay to Claimant, Leonard Blum, the sum of Six Hundred Two Thousand Two Hundred Fifty Dollars ($602,250) in return for Claimant's surrender of all of his membership interests and all of his managerial rights and responsibilities with respect to Respondent Westwood Capital Holdings, LLC." The Partial Final Award also ruled that if Respondent Westwood Capital Holdings, LLC chose not to exercise this option, "the net book value of Claimant's 27.8 percent membership interest in Respondent Westwood Capital Holdings, LLC shall be submitted for determination to Mr. Jeffrey Risius of Stout Risius Ross, LLC," a valuation professional selected by the parties.

Subsequent to the issuance of the Partial Final Award, Claimant's counsel informed the Panel that Respondent Westwood Capital Holdings, LLC had decided to pay Claimant the net book value of his 27.8% membership interest in Westwood Capital Holdings, LLC, thereby triggering the determination of such net book value by Mr. Risius.

After exchanges of emails between the parties' counsel, and telephone conferences among the parties' counsel and the Panel, counsel for both sides confirmed that they wished the Panel to select the date to be used by Mr. Risius for his determination of the net book value of Claimant's 27.8% membership interest in Respondent Westwood Capital Holdings, LLC. The Panel issued the Supplement to address this issue. Familiarity with the prior proceedings, and the facts and ruling set forth in the Supplement is assumed, and will not be repeated in detail in this Final Award of Arbitrators.

The parties did not complete the valuation process contemplated by the Partial Final Award and the Supplement. In a series of emails to the Panel dated July 29, 2019, August 27, 2019, November 6, 26, and 27, 2019, and December 2, 12, 13, and 20, 2019, the parties described their respective positions as to why the valuation process had not been completed.

The Panel was informed by Claimant's counsel in an email dated December 20, 2019 that "Westwood [Capital Holdings, LLC] has advised that … it will have a negative net worth. Since according to Westwood any efforts to seek recovery for his interest would be fruitless at this point, Mr. Blum is asking the Panel to enter a final award for the $234,500 awarded to him in the Partial Final Award as well as any attorneys' fees that the Panel may award pursuant to his pending application. Mr. Blum recognizes that pursuant to the Partial Final Award he will receive nothing for his interest in Westwood, and upon entry of the Final Award in these proceedings no longer have an interest in Westwood." Claimant's waiver of his claims with respect to his interest in

Respondent Westwood Capital Holdings, LLC is reflected in this Final Award.

In the Partial Final Award, the Panel authorized Claimant to "submit an application to the Panel for an award of reasonable attorneys' fees and related expenses incurred in connection with the prosecution of this proceeding, to be reimbursed by Respondent Westwood Capital Holdings, LLC. Such application should take into account the amounts sought in the Demand for Arbitration as compared to the amounts awarded by the Panel, the time and effort invested to recover such amounts, and other relevant factors. Prior to Claimant's submission of his fee application to the Panel, the parties shall meet and confer in a good faith effort to reach agreement on the attorneys' fees and related expenses to be reimbursed by Respondent Westwood Capital Holdings, LLC to Claimant. In the event that the parties are not able to reach agreement by January 11, 2019, Claimant's fee application shall be filed on or before January 25, 2019, and Respondent Westwood Capital Holdings, LLC's response to such application shall be submitted to the Panel within two (2) weeks of its receipt of Claimant's application." The parties were not able to reach an agreement as to the attorneys' fees and related expenses to be awarded to Claimant.

Claimant, in his application for attorneys' fees and related expenses, seeks an award as follows: $789,216.50 in attorneys' fees paid to his counsel, Amini LLC f/k/a Storch Amini PC; $57,800.80 in attorneys' fees paid to his prior counsel, the Law Office of Marcy Kammerman; $20,599.90 in court reporter costs; $38,602.69 in electronic discovery costs; and $148,967.39 in expenses paid to the American Arbitration Association ("AAA"), which includes his share of the AAA's administrative fees and the compensation of the arbitrators. Respondents oppose Claimant's application and propose that Claimant only recover $78,000 for attorneys' fees and related expenses.

The Panel has carefully reviewed the fee application submitted by Claimant, Respondents' papers in opposition, and applicable New York law. The Panel awards attorneys' fees and related expenses to Claimant as reflected below.

## FINAL AWARD

Upon careful consideration of the entire evidentiary record, and all the legal arguments made by the parties' counsel in their post-hearing briefs, at the summation hearing and in their subsequent written submissions, including Claimant's counsel's December 20, 2019, email to the Panel in which Claimant waived and relinquished that part of the Partial Final Award in his favor set forth in paragraphs 2 and 3 thereof, and for the reasons set forth above and in the Partial Final Award, the Panel enters its Final Award of Arbitrators in this proceeding as follows:

1.  The Panel finds in favor of Claimant, Leonard Blum, and against Respondent Westwood Capital, LLC on Claimant's claim for unpaid services that he rendered to Westwood Capital, LLC. Respondent Westwood Capital, LLC shall pay to Claimant, Leonard Blum, within thirty (30) days after the date of delivery of this Final Award of Arbitrators, the sum of Two Hundred Thirty-Four Thousand Five Hundred Dollars ($234,500), without interest.

2.  Claimant, Leonard Blum, has waived his claim for declaratory relief against Respondent Westwood Capital Holdings, LLC and, accordingly, that claim and any remaining interest that he may have in Westwood Capital Holdings, LLC, whether financial or managerial, is therefore dismissed.

3.  Claimant, Leonard Blum, is awarded against Respondent Westwood Capital Holdings, LLC, reimbursement of his reasonable attorneys' fees in the sum of Four Hundred Seventy-Three Thousand Five Hundred Twenty-Nine Dollars and Ninety Cents ($473,529.90), representing 60% of his fee request in the sum of $789,216.50, without interest. Claimant, Leonard

Blum, is further awarded against Respondent Westwood Capital Holdings, LLC, reimbursement of his related expenses in the sum of Fifty-Nine Thousand Two Hundred Two Dollars and Fifty-Nine Cents ($59,202.59), comprised of $20,599.90 for reimbursement of the cost of stenographic transcription of the evidentiary and summation hearings and $38,602.69 for reimbursement for payments made to his electronic discovery vendor, without interest. Accordingly, Respondent Westwood Capital Holdings, LLC shall pay to Claimant, Leonard Blum, the total sum of Five Hundred Thirty-Two Thousand Seven Hundred Thirty-Two Dollars and Forty-Nine Cents ($532,732.49) for reimbursement of reasonable attorneys' fees and related expenses, within thirty (30) days after the date of delivery of this Final Award of Arbitrators. All other applications by Claimant, Leonard Blum, for attorneys' fees and related expenses not expressly granted herein are hereby denied.

      4.    All other claims made by Claimant, Leonard Blum, in this proceeding are dismissed.

      5.    Respondent Westwood Capital Holdings, LLC's counterclaim for breach of fiduciary duty is dismissed. Respondents' application for an award of attorneys' fees and related expenses is denied.

      6.    The AAA's administrative fees totaling $29,400.00 and the compensation of the arbitrators, totaling $245,707.18, shall be borne by the parties as incurred.

      7.    This Final Award of Arbitrators is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims and counterclaims not expressly granted herein are denied.

      8.    This Final Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute one and the same instrument.

Dated: January 22, 2020

_____
Alfred G. Feliu

Dated: January 22, 2020

_____
Barbara A. Mentz

Dated: January 22, 2020

_____
Richard H. Silberberg

I, Alfred G. Feliu, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is the Final Award of Arbitrators.

Dated: January 22, 2020

_____
Alfred G. Feliu

I, Barbara A. Mentz, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is the Final Award of Arbitrators.

Dated: January 22, 2020

_____
Barbara A. Mentz

I, Richard H. Silberberg, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is the Final Award of Arbitrators.

Dated: January 22, 2020

_____
Richard H. Silberberg