# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 7 |
| WMCH 25 HOLDINGS, LLC<br>dba Westwood Capital Holdings, LLC, | Case No. 20-12534-scc |
| Debtor. | **STIPULATED PROTECTIVE ORDER** |

WHEREAS, the Debtor, Westwood Capital, LLC and Quarter Century Holdings LLC have requested that Creditor Leonard Blum enter into a stipulated protective order, and that this Court so order the same, pursuant to Rule 26(c), to protect the confidentiality of nonpublic and competitively sensitive information that they may need to produce in connection with Rule 2004 discovery herein;

WHEREAS, Creditor Leonard Blum, through counsel, has agreed to the terms hereof; and

WHEREAS, this Court finds that good cause exists for the issuance of an appropriately tailored confidentiality order, in light of Creditor Leonard Blum having requested disclosure of inter alia tax returns.

NOW, THEREFORE, IT IS HEREBY ORDERED, that Creditor Leonard Blum shall adhere to the following terms:

1. With respect to documents or information produced in the course of Rule 2004 discovery, or any action concerning the Debtor including any associated adversary proceeding ("Discovery Material") that a person has designated "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as permitted hereunder.

2. The person producing or disclosing Discovery Material (each, a "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith

believes consist of "trade secrets or other confidential research, development or commercial information," within the meaning of Rule 26(c)(1)(G).

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as Confidential by:

    (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with its legibility; and

    (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by:

    (a) indicating on the record during the deposition that a question calls for information that is Confidential, in which case the reporter will bind the transcript of the designated testimony in a separate volume and market it as "Confidential Information Governed by Productive Order"; or

    (b) notifying the reporter and all counsel of record, in writing, within 21 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.

During the 21-day period following a deposition, all parties will treat the entire deposition transcript as if it had been designated Confidential.

5. If at any time before this case is closed a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential. In addition, the Producing Party shall provide each other party

with replacement versions of such Discovery Material that bears the "Confidential" designation within 2 business days of providing such notice.

6. Nothing contained herein will be construed as:

    (a) a waiver by a party or person of its right to object to any discovery request;

    (b) a waiver of any privilege or protection; or

    (c) a ruling regarding the admissibility at trial of any document, testimony or other evidence.

7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a) parties in interest herein or in any action concerning the Debtor including any associated adversary proceeding;

    (b) counsel retained by them, including any paralegal, clerical or other assistant that such outside counsel employs;

    (c) outside vendors or service providers that counsel hire;

    (d) any mediator that the parties engage or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A ("NDA");

    (e) as to any documents, its author, addressee or any other person indicated on the face of the document as having received a copy;

    (f) any witness who counsel in good faith believes may be called to testify at trial or deposition herein or in any action concerning the Debtor including any associated adversary proceeding, provided such person has first executed an NDA;

    (g) any person retained to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this case or in any action concerning the Debtor including any associated adversary proceeding, provided such person has first executed an NDA;

    (h) stenographers engaged to transcribe depositions the parties conduct herein or in any action concerning the Debtor including any associated adversary proceeding; and

    (i) this Court, or any other court including any appellate court, its support personnel and court reporters.

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), (f) or (g), above, counsel must provide a copy of this Order to such person, who must sign an NDA. Said counsel must retain each signed NDA and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial).

9. This Order binds the parties and certain others to treat as Confidential any Discovery Materials so classified. This Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder. All persons are placed on notice that this Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential.

10. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions or other papers that disclose such material ("Confidential Court Submission"), the parties shall file a redacted copy of the Confidential Court Submission via the ECF system. In accordance with the Chambers Rule on Sealing Orders, any party that seeks to file Confidential Discovery material under seal must first apply for and obtain an order authorizing said relief, pursuant to Bankruptcy Code section 107(b) and Rule 9018. The filing party shall file an unredacted copy under seal with the Clerk, and serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

11. Any party who objects to any designation of confidentiality may at any time serve upon counsel for the Producing Party a written notice stating the grounds of the objection. If the objecting party and the Producing Party cannot reach agreement promptly, counsel for any affected party may bring the dispute to the attention of the Court.

12. Recipients of Confidential Discovery material under this Order may use such material solely for the purposes of the collection or administration of claims against the Debtor.

13. Nothing herein will prevent any party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided such party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 day before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process or other legal notice if the Producing Party deems it appropriate to do so.

14. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

15. This Order will survive the closure of this case and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

16. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

[Remainder of page left blank]

So stipulated and agreed, this 8th day of December, 2020.

| OFFIT KURMAN, P.A. | AMINI LLC |
|---|---|
| /s/ Michael Conway | /s/ Jeffrey Chubak |
| Michael Conway | Jeffrey Chubak |
| 590 Madison Avenue, 6th Floor | 131 West 35th Street, 12th Floor |
| New York, New York 10022 | New York, New York 10001 |
| (929) 476-0041 | (212) 497-8247 |
| michael.conway@offitkurman.com | jchubak@aminillc.com |
| *Attorneys for the Debtor* | *Attorneys for Creditor Leonard Blum* |

LAZARE POTTER GIACOVAS & MOYLE LLP
/s/ Robert A. Giacovas
Robert A. Giacovas
747 Third Avenue, 16th Floor
New York, New York 10017
(212) 784-2403
rgiacovas@lpgmlaw.com
*Attorneys for Westwood Capital LLC and Quarter Century Holdings LLC*

**SO ORDERED:**

Dated: December 8, 2020
 New York, New York

/S/ Shelley C. Chapman
Hon. Shelley C. Chapman
United States Bankruptcy Judge

<u>Exhibit A</u>
To Stipulated Protective Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>WMCH 25 HOLDINGS, LLC<br>dba Westwood Capital Holdings, LLC,<br><br>                    Debtor. | Chapter 7<br><br>Case No. 20-12534-scc<br><br>**<u>NON-DISCLOSURE AGREEMENT</u>** |

      I, _____, acknowledge that I have read and understand the Stipulated Protective Order entered herein, governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of the collection or administration of claims against the Debtor. By acknowledging this obligation, I understand that I am submitting myself to the jurisdiction of this Court for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Stipulated Protective Order could subject me to punishment for contempt.

Dated: _____

                                                                            Name: