**Exhibit A**

**Stipulation**

| | |
|---|---|
| TOGUT, SEGAL & SEGAL LLP<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>(212) 594-5000<br>Neil Berger<br>Eitan E. Blander<br>*Attorneys for Albert Togut, Not*<br>*Individually but Solely in His Capacity*<br>*as Chapter 7 Trustee* | LAZARE POTTER GIACOVAS &<br>MOYLE LLP<br>747 Third Avenue, 16th Floor<br>New York, New York 10017<br>(212) 758-9300<br>Robert A. Giacovas, Esq.<br>*Attorneys for the Westwood Parties* |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                  :
In re:                                        :         Chapter 7
                                                  :
WMCH 25 HOLDINGS, LLC,               :
d/b/a Westwood Capital Holdings, LLC,   :         Case No. 20-12534 (SCC)
                                                  :
                      Debtor.              :
                                                  :
------------------------------------------------------------x

## STIPULATION AND AGREED ORDER SETTLING
## ESTATE CLAIMS AGAINST WESTWOOD PARTIES

           This stipulation (the "Stipulation") is entered into by and among: Albert Togut, not individually but solely in his capacity as Chapter 7 Trustee (the "Trustee") of the estate (the "Estate") of WMCH 25 Holdings, LLC, the debtor (the "Debtor") in the above-captioned case (the "Chapter 7 Case"), on the one hand, and Westwood Capital, LLC ("Westwood Capital"), Quarter Century Holdings LLC ("Quarter Century"), Daniel Alpert ("Alpert"), Jon Messersmith ("Messersmith"), Keiki-Michael Cabanos ("Cabanos"), Paul Tanico ("Tanico"), Ellen Adams ("Adams"), and Adams GST Exempt Trust (the "Adams Trust" and, together with Alpert, Messersmith, Cabanos, Tanico, and Adams, the "Westwood Members," and the Westwood Members together with Westwood Capital and Quarter Century, the "Westwood Parties"), on the other side (the Trustee and the Westwood Parties together the "Parties").

**The Prepetition Westwood Transfer**

**WHEREAS**, Westwood Capital is an SEC-registered and FINRA-regulated broker-dealer that was a wholly-owned subsidiary of the Debtor; and

**WHEREAS**, prior to the Petition Date (defined below), the Debtor transferred its interest in Westwood Capital to Quarter Century (the "Westwood Transfer") pursuant to a Purchase and Sale Agreement dated February 25, 2020; and

**WHEREAS**, as of the date of the Westwood Transfer, the Westwood Members were together the owners and members of the Board of Managers of the Debtor; and

**WHEREAS**, as of the date of the Westwood Transfer, the Westwood Members were the owners and members of the Board of Managers of Quarter Century; and

**Blum Prepetition Litigation**

**WHEREAS**, Leonard Blum ("Blum") was previously a member of the Debtor and an employee of Westwood Capital; and

**WHEREAS**, on December 16, 2014, pursuant to the terms of the Debtor's Sixth Amended Operating Agreement as amended, Blum made a demand for arbitration to the American Arbitration Association (the "Arbitration Panel") and sought recovery of damages against the Westwood Members, Westwood Capital, the Debtor, and other wholly-owned subsidiaries of the Debtor, based upon alleged breaches of contractual obligations and fiduciary duties by the defendants, and the arbitration was assigned Case No. 01-14-0002-1926 (the "Arbitration Case"); and

**WHEREAS**, on December 17, 2018, the Arbitration Panel issued a partial final award in favor of Blum against Westwood Capital in the amount of $234,500,

without interest, and it authorized Blum to seek an award of attorneys' fees and expenses incurred in connection with the Arbitration Case (the "Partial Final Award"); and

**WHEREAS**, on January 22, 2020, the Arbitration Panel issued a final award in favor of Blum (the "Final Arbitration Award") against: (a) Westwood Capital in the amount of $234,500 (the "Judgment Award"); and (b) the Debtor, in the amount of $532,732.49, on account of attorneys' fees and expenses (the "Fee Award") and denying all other claims, including those against the Westwood Members individually; and

**WHEREAS**, the Fee Award was received by Debtor, Westwood Capital and the Westwood Members on January 27, 2020; and

**WHEREAS**, on February 25, 2020, the Debtor consummated the Westwood Transfer and transferred its ownership interest in Westwood Capital to Quarter Century; and

**WHEREAS**, following entry of the Final Arbitration Award, Blum petitioned the New York County Supreme Court (the "New York State Court") to confirm the Final Arbitration Award and authorize discovery pursuant to NYCPLR § 5229 pending confirmation of the Final Arbitration Award; and

**WHEREAS**, on October 23, 2020, the New York State Court entered a decision and order (the "New York State Court Order") confirming the Final Arbitration Award and directing entry of judgment in Blum's favor and against Westwood Capital and the Debtor in the amounts awarded under the Final Arbitration Award, plus interest at the rate of 9% from the date of the Final Arbitration Award, plus

3

disbursements and costs, and directing compliance with discovery requests pursuant to NYCPLR § 5229 within five days;  and

**WHEREAS**, Westwood Capital made full payment of $234,500, plus post award interest and costs in the amount of $16,632.62, to Blum in satisfaction of the Judgment Award in September and October of 2020;  and

**WHEREAS**, on October 28, 2020 (the "Petition Date"), the Debtor commenced the Chapter 7 Case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition") in this Court;  and

**Chapter 7 Case Procedural History**

**WHEREAS**, in the schedules of assets and liabilities ("Schedules") that were filed with the Petition, the Debtor reported that, as of the Petition Date, general unsecured claims against the Debtor totaled approximately $850,000;  and

**WHEREAS**, on October 29, 2020, Albert Togut was appointed as the interim trustee of the Debtor by the United States Trustee;  and

**WHEREAS**, the Debtor's Bankruptcy Code section 341 meeting of creditors was conducted on December 15, 2020, and Mr. Togut became permanent trustee of the Debtor pursuant to Bankruptcy Code section 702(d);  and

**WHEREAS,** by Order dated November 23, 2020, the Court authorized the Trustee to retain Togut, Segal & Segal LLP (the "Togut Firm") as his attorneys [Docket No. 11], to perform legal services including but not limited to "investigating the financial affairs of the Debtor and initiating appropriate avoidance actions, if any;  and

**WHEREAS**, on November 10, 2020, Blum filed an *Application for Rule 2004 Examination of the Debtor, Quarter Century Holdings LLC, Westwood Capital, LLC, Daniel Alpert, Paul Tanico, Ellen Adams and Keiki-Michael Cabanos* [Docket No. 6] (the "Blum 2004

4

Motion"), seeking an order authorizing Blum to serve Rule 2004 subpoenas on the Westwood Parties, which was granted by an amended order dated November 17, 2020 [Docket No. 9] (the "Blum Rule 2004 Order"); and

**WHEREAS**, on January 20, 2021, the Trustee filed an *Ex Parte Application Pursuant to Bankruptcy Rule 2004 for an Order Authorizing the Issuance of Subpoenas* [Docket No. 20] (the "Trustee 2004 Motion") seeking an order authorizing the Trustee to serve Rule 2004 subpoenas on non-Debtor parties, and on January 20, 2021, the Court entered an Order granting the Trustee's 2004 Motion and authorizing the Trustee to serve 2004 subpoenas for production of documents and for deposition testimony "concerning any asset, liability, duty, obligation, contract, transaction, or other issue related in any way to the Debtor, upon: any current or former member, affiliate, employee, agent, or representative of the Debtor; any person that has conducted business or engaged in a transaction with the Debtor, in any manner, and any current or former member, employee, principal, agent, officer, shareholder, affiliate or owner thereof; any accountant or financial advisor for the Debtor, and any current or former member, employee, principal, agent, officer, or owner thereof" [Docket No. 21] (the "Trustee Rule 2004 Order"); and

**WHEREAS**, the Trustee has made demands upon the Westwood Parties for the production of documents and information pursuant to the Trustee Rule 2004 Order, and the Westwood Parties represent that they have fully complied with the Trustee's demands for documents and information pursuant to the Trustee Rule 2004 Order; and

**WHEREAS**, on April 16, 2021, Blum filed a *Motion to Dismiss Case* [Docket No. 27] seeking an order dismissing the Chapter 7 Case for cause, or alternatively, as a

5

sanction based upon the alleged failures of Westwood Capital and Quarter Century to have fully complied with subpoenas issued by Blum pursuant to the Blum Rule 2004 Order; and

**Potential Avoidance Claims**

**WHEREAS,** the Trustee has asserted that claims may be asserted on behalf of the Estate against the Westwood Parties to avoid the Westwood Transfer and to avoid and recover transfers made by or on behalf of the Debtor to and for the benefit of the Westwood Parties pursuant to, *inter alia*, Chapter 5 of the Bankruptcy Code (the "Avoidance Claims"); and

**WHEREAS**, as a result of negotiations, the Trustee and the Westwood Parties have determined that a settlement and resolution of all potential claims and causes of action that may exist in favor of the Estate against the Westwood Parties (the "Estate Claims"), including but not limited to, the Avoidance Claims, upon the terms set forth herein, is in the best interests of the Estate and the Parties.

**NOW, THEREFORE,** as a result of arms' length negotiations, in consideration of the foregoing, it is hereby stipulated and agreed that:

1. The Recitals set forth above are incorporated herein by reference.

2. This Stipulation shall become effective upon the date that it is "So Ordered" by the Bankruptcy Court (the "Effective Date"), subject only to the terms set forth herein.

3. Following the execution of this Stipulation by all of the Parties, the Trustee will promptly seek approval of this Stipulation by the Court. During the period between the execution by the Parties and the Effective Date, the Parties agree that this

Stipulation shall constitute a binding agreement and that they shall do nothing contrary to the terms set forth herein.

4. If this Stipulation is not approved and "So Ordered" by the Court on or before September 30, 2021 or such later date that the Parties may agree upon in writing, any of them may give written notice to the other that the Stipulation is null and void and shall not be used or referenced for any purpose.

5. On the later of ten (10) days following the Effective Date or September 15, 2021, the Westwood Parties shall effect a payment in the amount of $250,000 (the "Settlement Payment") to the Trustee, made either by check made payable to "Albert Togut, as Chapter 7 Trustee of WMCH 25 Holdings, LLC" or by wire instructions to be provided by the Trustee to the Westwood Parties in full and final satisfaction of the Avoidance Claims.

6. Upon receipt of the Settlement Payment (the "Completion Date") the Trustee will promptly provide the Westwood Parties with written confirmation that the Settlement Payment has been received (the "Settlement Receipt").

7. Upon the Completion Date, the following releases shall become fully effective and binding between the Parties:

    a. The Trustee, on behalf of the Estate, hereby releases, acquits, and discharges each of the Westwood Parties, and their predecessors and their respective officers, members directors, agents, representatives, attorneys (including Lazare Potter Giacovas & Moyle LLP and Offit Kurman PA), heirs, successors, and assigns, past and present, from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations, and/or liabilities in favor of the Debtor's Estate including, without limitation, the Avoidance Claims; and

    b. Each of the Westwood Parties and their respective predecessors and their officers, members directors, agents, representatives, attorneys, heirs, successors, and

> assigns, past and present, hereby release, acquit, and discharge the Trustee and his retained professionals, the Debtor and its Estate, of and from any and all claims, damages, actions, suits, causes of action, rights, liens, demands, obligations, and/or liabilities arising from or relating to the Chapter 7 Case.

8. In the event that the Westwood Parties fail to timely pay the Settlement Payment, or the Settlement Payment, or any portion of it, is dishonored by the Trustee's bank, counsel for the Trustee will send a written default notice by electronic and first-class mail to the Westwood Parties' counsel listed below. If the Westwood Parties fail to cure such default within ten (10) days after the notice of default is sent, counsel for the Trustee may submit the consent judgment attached hereto as Exhibit "A" (the "Consent Judgment") to the Court, with a declaration which shall list (i) first, the total of any amounts paid by the Westwood Parties pursuant to this Stipulation, then subtract such payments from the aggregate amount of the Settlement Payment ($250,000), and then identify the resulting sum as the "Default Amount," (ii) state that the Westwood Parties have failed to timely cure the default, and (iii) request that the Consent Judgment be entered in the Case in the Default Amount.

9. Following the Completion Date, the Trustee shall promptly return the original executed Consent Judgment to the Westwood Parties. Trustee represents that it has not waived or disclosed any attorney-client privilege with respect to any records or information received relating to the potential claims being resolved hereby, and Trustee agrees to return to the Westwood Parties all documents produced to the Trustee by the Westwood Parties in connection with the Trustee Rule 2004 Order or otherwise in this bankruptcy case. The Trustee further represents not to waive any attorney-client privilege with respect to said documents or information in the future.

10. This Stipulation and Order is immediately effective pursuant to F.R.B.P. 6004(h).

11. This Stipulation may not be modified or terminated, nor any of its provisions waived, except by a written agreement of the Parties that is approved by the Court.

12. This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, successors and assigns. Nothing in this Stipulation, whether express or implied, is intended to confer third-party beneficiary status or to confer otherwise any rights or remedies on any person or entity, other than the Parties and their predecessors, successors, assigns, affiliates and representatives as described herein. Except as may be expressly set forth herein, all of the Parties' respective rights, claims and defenses are expressly preserved and not waived.

13. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original, including any facsimile or "PDF" counterparts, and which together shall constitute one and the same agreement.

14. Each person signing this Stipulation represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Stipulation on behalf of such Party, to bind his or her respective client or clients to the terms and conditions of this Stipulation and to act with respect to the rights and claims that are being altered or otherwise affected by this Stipulation.

15. The Parties represent and acknowledge that, in executing this Stipulation, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys,

with regard to the subject matter, basis or effect of this Stipulation or otherwise, other than as specifically stated in this Stipulation.

16. No Party shall be deemed to be the drafter of this Stipulation for any purpose. Accordingly, this Stipulation shall be interpreted and construed in a neutral manner in accordance with the plain meaning of the language contained herein and shall not be presumptively construed against any Party.

17. This Stipulation shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of New York without regard to the conflicts of laws or principles thereof.

*[Concluded on Following Page]*

18. The parties acknowledge and agree that the Court shall have exclusive jurisdiction to hear and determine any claims or disputes between the Parties regarding this Stipulation.

Dated: New York, New York
July 13, 2021

| | |
|---|---|
| ALBERT TOGUT<br>Not Individually but Solely in His<br>Capacity as Chapter 7 Trustee<br>By his Attorneys<br>TOGUT, SEGAL & SEGAL LLP<br>By: | THE WESTWOOD PARTIES<br>By their Attorneys<br>LAZARE POTTER GIACOVAS &<br>MOYLE LLP<br>By: |
| */s/ Neil Berger*<br>NEIL BERGER<br>A Member of the Firm<br>One Penn Plaza – Suite 3335<br>New York, New York 10119<br>(212) 594-5000 | */s/ Robert Giacovas*<br>ROBERT A. GIACOVAS, ESQ.<br>A Member of the Firm<br>747 Third Avenue, 16th Floor<br>New York, New York 10017<br>(212) 758-9300 |

**SO ORDERED**

this __ day of _____, 2020
in New York, New York

_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE